IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RA'SEAN SMITH, | : | |
| Plaintiff, | : | |
| | | Case No. 3:12cv00279 |
| vs. | : | |
| | | District Judge Thomas M. Rose |
| MICHAEL J. ASTRUE, | : | Chief Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social Security Administration, | : | |
| Defendant. | : | |

**ORDER**

This social security case is presently before the Court upon pro se Plaintiff Ra'Sean Smith's Motion for Extension of Time (Doc. #9), and the record as a whole.

On February 7, 2013, the Court Ordered Plaintiff to file a Statement of Errors or request an extension of time to do so, on or before February 21, 2013.  (Doc. #8). Plaintiff timely responded to this Order by way of his recently filed Motion for Extension of Time.  In his motion, Plaintiff requests an extension of time for a hearing, and for the Court to "please send info with phone number to be reached to file for statement of errors." (Doc. #9 at 1).

Without more information from Plaintiff, the record at present does not support his request for a hearing.  His request for a hearing date, however, suggests he has more to say about his case, including, perhaps, additional information or arguments to present to

the Court. Consequently, although a hearing is not presently warranted, Plaintiff is provided with additional time to file his Statement of Errors.

A few suggestions may help pro se plaintiffs, like Mr. Smith, present a more complete record in their case. Pro se plaintiffs should keep in mind that one of the main goals for all parties in a case is to clearly present their claims and arguments. In Social Security cases, pro se plaintiffs should explain why they think that the Administrative Law Judge and the Social Security Administration erred by denying their application(s) for benefits. In support of their claimed errors, pro se plaintiffs should be specific when describing the facts and issues that are important to them and their case. Pro se plaintiffs should use everyday conversational words, rather than attempting to sound like a lawyer. Again, the goal is clarity: all parties in a case serve their interests well by presenting the Court with clear and meaningful argument(s) and information.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion for Extension of Time (Doc. #9) is GRANTED, in part, to the extent he seeks an extension of time to file a Statement of Errors, and DENIED, in part, to the extent he requests a hearing;

2. **On or before March 22, 2013**, Plaintiff shall file a Statement of Errors; and,

3. After Plaintiff files his Statement of Errors, the case will proceed under the filing deadlines required by the Sixth Amended Magistrate Judges' General Order No. 11.

February 20, 2013

                                                  s/Sharon L. Ovington
                                                    Sharon L. Ovington
                                    Chief United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

FILED
JAMES BONINI
2011 SEP -1 PM 3:09
US
SOUTHERN ... COURT
WESTERN ... OHIO
... DAYTON

IN RE:

SOCIAL SECURITY APPEALS

## SIXTH AMENDED MAGISTRATE JUDGES' GENERAL ORDER NO. 11

To provide for the efficient adjudication of appeals to this Court of decisions of the Commissioner of Social Security under the Social Security Act, it is hereby ORDERED with respect to all such appeals:

1. All prior Orders of the United States Magistrate Judges at Dayton with respect to Social Security cases are hereby rescinded.

2. The Commissioner shall file and serve an answer and a certified copy of the administrative record not later than sixty days after completion of service of process. In all cases in which the certified administrative record has been filed electronically, all record references in subsequent filings shall be to the electronic page, i.e., to the PageID No. ___ which appears in the upper right hand corner of the electronic document as filed.

3. Not later than sixty days of service of the answer, the plaintiff shall file and serve a statement of specific errors upon which the plaintiff seeks reversal or remand. This statement shall be organized in the form of a memorandum in support of the plaintiff's position and shall also include PageID references to the administrative record as well as citations of applicable law and supporting authority. Statements of specific errors shall present the detail ordinarily expected in a motion for summary judgment, and shall raise and address all issues as to which the plaintiff seeks review.

4. Not later than forty-five days after service of the statement of specific errors, the Commissioner shall file and serve a memorandum in opposition to the plaintiff's statement of specific errors. This memorandum in opposition shall be organized in the form of a memorandum in opposition to the plaintiff's position and in support of the Commissioner's decision and shall also include PageID references to the administrative record as well as citations to applicable law and supporting authority.

5. Plaintiff may file and serve a reply memorandum not later than twenty-one days after service of the Commissioner's memorandum in opposition. Consistent with practice in this Circuit, the Court will not consider any new allegations of error introduced in the reply memorandum.

6. All cases will be decided on the memoranda and the administrative record, unless the Court orders oral argument.

7. In cases decided by a Magistrate Judge upon consent under 28 U.S.C. § 636(c), appeals may be taken as provided by law. In cases in which the Magistrate Judge files a report and recommendations to a District Judge on the merits of the case, the time for filing objections and responses to objections is the fourteen-day period provided by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72 unless modified by the Court.

8. The practice of seeking lengthy (e.g., thirty days) extensions of time on conclusory grounds (e.g., "heavy caseload") is strongly discouraged. Repeated requests of this nature may lead to sanctions. All requests for extensions that do not comply with S. D. Ohio Civ. R. 7.3 will be denied. The Ohio Rules of Professional Conduct counsel attorneys not to accept more work than they can reasonably handle.

9. When a case is remanded to the Commissioner for further proceedings and those proceedings are completed, if the Commissioner's new decision is adverse to the Plaintiff, the Commissioner shall file and serve a copy of the supplemental administrative record. The matter shall

2

then be briefed in accordance with this General Order: the plaintiff will have sixty days from the date of service of the supplemental administrative record within which to file a statement of specific errors in the form described above; the Commissioner will have forty-five days from the date of service of the statement of specific errors within which to file and serve a memorandum in opposition in the form described above; and the plaintiff will have twenty-one days from the date of service of the Commissioner's memorandum within which to file and serve a reply memorandum.

10. When a case is remanded to the Commissioner for further proceedings and those proceedings are completed, if the plaintiff accepts the Commissioner's new decision, plaintiff's counsel shall, within fourteen days of receipt of the Commissioner's new decision, notify the chambers of the Magistrate Judge to whom the case is assigned that the plaintiff accepts the new decision and the plaintiff does not seek further judicial review.

11. This Order is effective immediately and applies to cases currently pending before the Court.

August 31, 2011.

*Sharon L. Ovington*
United States Magistrate Judge

*Michael J. Newman*
United States Magistrate Judge

*Michael R. Merz*
United States Magistrate Judge