IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| RA'SEAN SMITH, | : |
| Plaintiff, | : |
| | Case No. 3:12cv00279 |
| vs. | : |
| | District Judge Thomas M. Rose |
| CAROLYN W. COLVIN,[1] | : Chief Magistrate Judge Sharon L. Ovington |
| Acting Commissioner of the Social | |
| Security Administration, | : |
| Defendant. | : |

**REPORT AND RECOMMENDATIONS[2]**

On August 17, 2012, Plaintiff filed a *pro se* Complaint in this Court seeking judicial review from a final decision issued by the Commissioner of the Social Security Administration. Plaintiff, however, did not file a Statement of Errors in response to Defendant's Answer as required by the Sixth Amended Magistrate Judges' General Order No. 11. Consequently, on January 2, 2013, the Court Ordered Plaintiff to Show Cause – not later than January 31, 2013 – why his Complaint should not be dismissed due to his failure to prosecute and his failure to file the required Statement of Errors. (Doc. #7). Plaintiff was warned that "[f]ailure to file a Statement of Errors, request an extension of time, or otherwise respond, may result in dismissal of this case for failure to prosecute."

---

[1] Carolyn Colvin became Acting Commissioner of Social Security on February 14, 2013 and is automatically substituted as the Defendant in this suit.

[2] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

Plaintiff failed to respond to the Order, yet rather than recommending the case be dismissed at that time, the Court issued a Second Order to Show Cause. This time, Plaintiff was provided until February 21, 2013, to file a Statement of Errors or request an extension of time to do so. (Doc. #8). Plaintiff was again cautioned that "[f]ailure to file a Statement of Errors, request an extension of time, or otherwise respond, may result in dismissal of this case for failure to prosecute." *Id.*

Plaintiff did respond to the Second Order to Show Cause. (Doc. #9). He requested, and was granted, an extension of time to file his Statement of Errors. Plaintiff was provided until March 22, 2013 to file his Statement of Errors. (Doc. #10). To date, Plaintiff has failed to file his Statement of Errors.

The Court finds that Plaintiff has engaged in a clear pattern of delay by not filing a Statement of Errors, despite being provided multiple opportunities to do so since first being due in December 2012. Plaintiff has not submitted any explanation for this recent failure to file his Statement of Errors. Absent such an explanation, and in light of the above circumstances, Plaintiff's clear pattern of delay warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

April 11, 2013                                                s/Sharon L. Ovington
                                                          Sharon L. Ovington
                                                   Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen (17) days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(c), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).